IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |
|---|---|
| LUTRICIA BARNETT BUCKLEY, as Administratrix of the Estate of DENVEY BUCKLEY, for the use and benefit of KATRINA and LATRICE BUCKLEY, as Next of Kin and Heirs at law of DENVEY BUCKLEY, deceased,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF MEMPHIS, THE CITY OF MEMPHIS POLICE DIVISION, OFFICER PHILLIP PENNY, OFFICER KURTIS SCHILK, and OFFICER ROBERT T. TEBBETTS, individually and in their Representative Capacities as City of Memphis Police Division Officers,<br><br>    Defendants. | No. 03-2874 DP |

ORDER GRANTING DEFENDANTS' RENEWED MOTION
FOR LEAVE TO PLEAD OUTSIDE OF TIME

Before the Court is Defendant Officers Philip Penny, Kurtis Schilk, and Robert Tebbetts's Renewed Motion for Leave to Plead Outside of Time, filed on April 12, 2005 (dkt #127).[1]  Plaintiff

---

[1] The Court previously denied without prejudice Defendants' original Motion for Leave to Plead Outside of Time (filed April 1, 2005) based on Defendants' failure to comply with the consultation requirement.

This document entered on the docket sheet In compliance with Rule 58 and/or 79(a) FRCP on 4-22-05

130

responded on April 15. For the following reasons, the Defendants' motion is GRANTED.

Plaintiff Lutricia Barnett Buckley is the administratrix of the estate of Denvey Buckley. She filed this lawsuit on November 21, 2003. The litigation in this case includes multiple motions to dismiss and for summary judgment, as well as three amended complaints. The most recent amended complaint was filed on September 1. It is undisputed that the Defendants' deadline to file an answer has passed. Because the Defendant Officers have not yet filed an answer, they now move for leave to file their answer out of time.

Under Federal Rule 6(b)(2), the Court may extend a defendant's time to answer after such time has expired, provided that "the failure was the result of excusable neglect." The "excusable neglect" standard is "somewhat of an 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 392 (1993)(quoting 4A Charles Alan Wright and Arthur Miller, Federal Practice and Procedure § 1165 (2nd ed. 1987)).[2]

---

[2] Although the Pioneer Court addressed the excusable neglect standard under Bankruptcy Procedure Rule 9006, it stated that Rule 9006 "was patterned after" Federal Rule of Civil Procedure 6(b). Pioneer, 507 U.S. at 391. In interpreting the excusable neglect standard under Rule 9006, the Court looked to its meaning under Rule 6(b). Id. Several other courts have used analysis under Pioneer to determine whether a party has met the excusable

Ultimately, courts must determine whether it is equitable under the circumstances of the case to allow a defendant to file an answer after the deadline has passed. See id. at 395. Courts should look to factors such as whether the plaintiff would be prejudiced by the late filing, the length of delay and the impact on the judicial proceedings, and the reason for the delay. See id.

Applying these factors to the circumstances of the present case, the Court concludes that the Defendant Officers have satisfied the excusable neglect standard and thus shall be allowed to file their answer out of time. First, because the defenses listed in the proposed answer have all been raised in discovery (except for contributory negligence), plaintiff has known about the defenses and has had an opportunity to prepare for trial. Thus, Plaintiff would not be prejudiced by its tardy filing, and she candidly admits as much in her response. Second, the judicial proceedings would not be delayed. Plaintiff has had notice of the officers' defenses, and the late filing of the answer will not require the Court or the parties to delay the trial set for January 2006. Third, the Court accepts the Defendant Officers' statement

---

neglect standard under Rule 6(b). See, e.g., Raymond v. Int'l Bus. Machs. Corp., 148 F.3d 36, 66 (2d Cir. 1998); Wilkerson v. Jones, 211 F.Supp.2d 856, 858 (E.D. Mich. 2002); Uehigashi v. Kanamori, No. 00-5390, 2001 WL 1586683, at *2 (S.D.N.Y. Dec. 12, 2001)(unpublished).

to the Court that they in good faith mistakenly believed that they could wait to file their answer. Therefore, the motion for leave to plead outside of time is GRANTED. The Defendant Officers are directed to file the proposed Answer attached to their motion with the Clerk of Court.

Finally, the Plaintiff shall have an opportunity to take supplemental depositions, prior to the close of discovery, of any defendant officer concerning subjects raised in the answer to the extent these subjects had not been raised in the officers' depositions that have already been taken.

IT IS SO ORDERED.

_____
TU M. PHAM
United States Magistrate Judge

4/21/05
Date

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 130 in case 2:03-CV-02874 was distributed by fax, mail, or direct printing on April 22, 2005 to the parties listed.

---

Robert D. Meyers
KIESEWETTER WISE KAPLAN & PRATHER, PLC
3725 Champion Hills Drive
Ste. 3000
Memphis, TN 38125

Buckner Wellford
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

Jean Markowitz
CAUSEY CAYWOOD
100 North Main St.
Ste. 2400
Memphis, TN 38103

Amber Isom-Thompson
KIESEWETTER WISE KAPLAN SCHWIMMER & PRATHER, PLC
3725 Champion Hills Drive
Ste. 3000
Memphis, TN 38125

Thomas E. Hansom
HANSOM LAW OFFICE
659 Freeman Street
Memphis, TN 38122--372

Thomas L. Parker
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ- Memphis
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

Honorable Bernice Donald
US DISTRICT COURT