IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 JUN 30 PM 2: 41

THOMAS M. GOULD
CLERK U.S. DISTRICT COURT
W/D OF TN MEMPHIS

| | |
|---|---|
| LUTRICIA BARNETT BUCKLEY, as Administratrix of the Estate of DENVEY BUCKLEY, for the use and benefit of KATRINA LATRICE BUCKLEY and NICOLE MARIA BUCKLEY, as Next of Kin and Heirs at law of DENVEY BUCKLEY, deceased,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF MEMPHIS, THE CITY OF MEMPHIS POLICE DIVISION, OFFICER PHILLIP PENNY, OFFICER KURTIS SCHILK, OFFICER ROBERT G. TEBBETTS, individually and in their Representative Capacities as City of Memphis Police Division Officers.<br><br>Defendant. | No. 03-2874-DP<br>MAGISTRATE JUDGE TU PHAM |

## CONSENT ORDER REGARDING DISCLOSURE OF CIT STAT SHEETS

The plaintiff, Lutricia Barnett Buckley and the defendants, City of Memphis, Officer Phillip Penny, Officer Kurtis Schilk, and Officer Robert Tebbetts, by and through counsel, submit the following consent order.

1. During discovery in this cause, the plaintiff took the deposition of Lt. Sam Cochran, who described the Memphis Police Department's CIT program. Lt. Cochran described that when a CIT officer responds to a call regarding a mental consumer, that officer prepares what is known as a CIT Stat Sheet, which is kept in the ordinary course of business. Plaintiff

requested that the City of Memphis make the CIT Stat Sheets available for review and photocopying.

2. Counsel for the City of Memphis advised that they obtained the CIT Stat Sheets from the police department and are holding them at the offices of counsel for the City.

3. The City of Memphis takes the position that these CIT Stat Sheets fall within the definition of Mental Health Records pursuant to Tenn. Code Ann. § 33-3-103. Pursuant to Tennessee law, mental health records cannot be disclosed unless a Court orders that disclosure is necessary for the conduct of proceedings before it and that failure to make such disclosure would be contrary to public interest or to the detriment of a party to the proceedings. Tenn. Code Ann. § 33-3-105(3).

4. The parties hereby agree that the production of the CIT Stat Sheets is necessary for the conduct of proceedings before this Court and that failure to make such disclosure would be contrary to the public interest and would cause detriment to the plaintiff in this cause.

5. The City of Memphis and the plaintiff hereby agree that counsel for the plaintiff will review the records at the offices of counsel for the City of Memphis and request copying of records material to this cause. The parties agree that they will be bound by the following Qualified Protective Order:

Pursuant to the Privacy Regulation of the Health Insurance Portability and Accountability Act of 1996, 45 CFR §164.512(e)(1)(ii) and (c)(1)(i), it is hereby ordered that the above-referenced document production shall be governed by the following Qualified Protective Order:

A. This Protective Order prohibits the parties from using or disclosing the protected health information for any purpose other than the litigation or proceeding for which such information was requested.

B.  This Protective Order requires the return to the relevant covered entity or destruction of the protected health information (including all copies made) at the end of the litigation or proceeding.

C.  The use/disclosure of the protected health information will be restricted to the following persons on behalf of a receiving party:

(a)  The Court and its officers.

(b)  Outside counsel and in-house counsel to the parties to this Protective Order involved in the representation of the recipients for purposes of this litigation.

(c)  Legal associates, paralegal assistants, clerical staff and secretaries employed by counsel.

(d)  Counsel to the parties and their employees.

(e)  Non-Party deponents, witnesses or potential witnesses whose depositions have been noticed or who have been included on a witness list provided to the opposing party.

(f)  Outside copy and/or document services companies.

(g)  Experts or consultants employed by counsel of record for the parties in relation to this litigation.

D.  The recipients of any protected health information will not use such information or disclose such information to the public or to any third party for any purpose other than in connection with this litigation, and will not disclose such information to anyone other than persons entitled to access such information pursuant to Paragraph C above.

E.  Counsel for each party to this Protective Order shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure for any protected health information.

DONE AND ORDERED this 30 day of June, 2005.

*[signature]*

THE HONORABLE J. TU PHAM
UNITED STATES MAGISTRATE JUDGE

APPROVED AS TO FORM:

*Robert D. Meyers by TP with permission*
Robert D. Meyers, Esq., (#12187)
Attorney for Defendant City of Memphis

*Jean Markowitz by TP with permission*
Jean Markowitz, Esq.
Thomas Hansom, Esq.
Attorney for Defendant Officers

*[signature]*
Buckner Wellford, Esq. (#9687)
Thomas L. Parker (#13908)
Attorney for Plaintiff

M TP 887912 v2
2790464-000001  06/27/05

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 174 in case 2:03-CV-02874 was distributed by fax, mail, or direct printing on June 30, 2005 to the parties listed.

---

Buckner Wellford
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

Thomas L. Parker
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ- Memphis
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

Robert D. Meyers
KIESEWETTER WISE KAPLAN & PRATHER, PLC
3725 Champion Hills Drive
Ste. 3000
Memphis, TN 38125

Amber Isom-Thompson
KIESEWETTER WISE KAPLAN SCHWIMMER & PRATHER, PLC
3725 Champion Hills Drive
Ste. 3000
Memphis, TN 38125

Thomas E. Hansom
HANSOM LAW OFFICE
659 Freeman Street
Memphis, TN 38122--372

Jean Markowitz
CAUSEY CAYWOOD
100 North Main St.
Ste. 2400
Memphis, TN 38103

Honorable Bernice Donald
US DISTRICT COURT