IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ____ D.C.

05 AUG -5 PM 4: 32

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN MEMPHIS

| | |
|---|---|
| LUTRICIA BARNETT BUCKLEY, as Administratrix of the Estate of DENVEY BUCKLEY, for the use and benefit of KATRINA and LATRICE BUCKLEY, as Next of Kin and Heirs at law of DENVEY BUCKLEY, deceased<br><br>        Plaintiff,<br><br>v.<br><br>CITY OF MEMPHIS, THE CITY OF MEMPHIS POLICE DIVISION, OFFICER PHILLIP PENNY, OFFICER KURTIS SCHILK, and OFFICER ROBERT T. TEBBETTS, individually and in their Representative Capacities as City of Memphis Police Division Officers,<br><br>        Defendants. | No. 03-2874 DP |

---

ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL DEFENDANT CITY OF
MEMPHIS TO DESIGNATE A REPRESENTATIVE FOR DEPOSITION REGARDING
THE MEMPHIS POLICE DEPARTMENT'S POLICY AND PROCEDURE MANUAL

---

Before the court is Plaintiff Lutricia Barnett Buckley's

Motion to Compel Defendant City of Memphis to Designate a

Representative for Deposition Regarding the Memphis Police

Department's Policy and Procedure Manual, filed on May 10, 2005

(dkt #135). Defendant City of Memphis (the "City") responded on

May 27, 2005. For the following reasons, the Plaintiff's motion is

-1-

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on  8-8-05



GRANTED.

## I. BACKGROUND

Plaintiff Lutricia Barnett Buckley ("Plaintiff") is the ex-wife and custodial parent of Katrina Buckley and Nicole Buckley, minors, the natural children and alleged sole heirs at law of the decedent, Denvey Buckley ("Buckley"). Buckley had a nonviolent history of mental illness and was diagnosed as schizophrenic.

According to the plaintiff, on April 19, 2002, Buckley's friends and family placed several "911" calls to the Memphis Police Department ("MPD") to report that Buckley had cut his wrists at his home. When the individual defendants arrived on the scene, Buckley was unarmed and seated on his front porch with towels wrapped around his wrists. The knife that he used was inside his home.

After assessing the situation, the individual defendants decided to prevent Buckley from returning inside his home and started to surround him. Buckley became agitated at the sight of several uniformed officers converging. Buckley attempted to return inside, but the officers forcibly restrained him. The individual defendants used their batons, allegedly hitting Buckley's head, neck, and torso. An officer of the MPD Crisis Intervention Team arrived during the altercation. Buckley got up from the porch and began to run toward the street, where the individual defendants allegedly sprayed him with pepper spray, tackled him, handcuffed him, and continued to beat him with batons.

-2-

Plaintiff contends that emergency medical technicians arrived on the scene and allegedly waited for a few minutes as the individual defendants beat Buckley.   When Buckley became unresponsive, the EMTs diagnosed Buckley with cardiac arrest and unsuccessfully attempted resuscitative measures.   Buckley was declared dead on arrival at a nearby emergency room.

Plaintiff alleges that individual officers used excessive force while seizing Buckley in violation of his constitutional rights.   She also alleges that the City has a policy or practice of failing to supervise, discipline, and train its police officers, which violated Buckley's constitutional rights.

On December 20, 2004, Plaintiff sent a Rule 30(b)(6) request to the City to depose someone with knowledge of the drafting of the Policy and Procedure Manual with respect to sections concerning the use of restraint devices, the use of pepper spray, and the requirement that officers monitor a suspect's physical condition. Because the City has not designated anyone for this deposition, Plaintiff seeks an order requiring the City to do so.   The City argues that the information sought in this deposition is not reasonably calculated to lead to the discovery of admissible evidence.   In addition, by stating that it has produced sixteen individuals for deposition and produced more than seven thousand

-3-

documents, the City implicitly argues that this deposition would be duplicative of discovery already obtained and that the plaintiff has had ample opportunity to obtain the information.

## II. ANALYSIS

"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. Nevertheless, discovery is not without limits.  For example, a court can limit discovery if it finds that "the discovery sought is unreasonably cumulative or duplicative" or "the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought." Fed. R. Civ. P. 26(b)(2)(i)-(ii). The party opposing discovery under Rule 26(b)(2) bears the burden of establishing factors to limit the discovery.  Merrill v. Waffle House, Inc., 227 F.R.D. 467, 470 (N.D. Tex. 2005); Cory v. Aztec Steel Bldg., Inc., 225 F.R.D. 667, 670 (D. Kan. 2005).

A plaintiff seeking to impose liability on a municipality under § 1983 must identify a municipal "policy" or "custom" that caused the plaintiff's injury. See Canton v. Harris, 489 U.S. 378, 389 (1989); Pembaur v. Cincinnati, 475 U.S. 469, 480-481 (1986); Monell v. New York City Dept. of Soc. Servs., 436 U.S. 658, 694 (1978).  Identifying a "policy" ensures that a municipality is held liable only for those deprivations resulting from the decisions of

its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality. Monell, 436 U.S. at 694. The topics of restraint devices, chemical agents, and monitoring requirements of a restrained suspect's condition are covered in the MPD Policy and Procedure Manual. Plaintiff alleges that the officers used certain restraints and chemical agents in violation of Buckley's rights, and that the officers failed to appropriately monitor his condition. To the extent the officers' actions in arresting Buckley were governed by the MPD Policy and Procedure Manual, and Manual either in whole or in part forms the policy or custom of the City, those issues are relevant for purposes of discovery. Similarly, information related to the drafting of the policy and reasons for revising the policy is also relevant. See O'Brien v. City of Grand Rapids, 23 F.3d 990, 1004-05 (6th Cir. 1994)(identifying the Monell policy established at trial to be a response plan for critical incident management and discussing how the plan's development and implementation was important to the case).

To the extent that the City argues that this 30(b)(6) deposition would be duplicative and that the plaintiff has had ample opportunity to obtain the information, the City has not carried its burden under Rule 26. It has not sufficiently explained how the information sought has already been produced or is even similar to information already produced. Likewise, it has not identified another person already deposed who has testified

-5-

about the Manual.  Thus, the City has not met its burden to show that the discovery would be duplicative or that the plaintiff has had ample opportunity to obtain the information.

### III. CONCLUSION

For the reasons above, the Motion to Compel Defendant City of Memphis to Designate a Representative for Deposition Regarding the Memphis Police Department's Policy and Procedure Manual is GRANTED. The City shall make its Rule 30(b)(6) designee available for deposition within twenty (20) days from the date of this order.

IT IS SO ORDERED.

TU M. PHAM
United States Magistrate Judge

August 5, 2005
Date

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 184 in case 2:03-CV-02874 was distributed by fax, mail, or direct printing on August 8, 2005 to the parties listed.

---

Buckner Wellford
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

Thomas L. Parker
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ- Memphis
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

Robert D. Meyers
KIESEWETTER WISE KAPLAN & PRATHER, PLC
3725 Champion Hills Drive
Ste. 3000
Memphis, TN 38125

Jean Markowitz
CAUSEY CAYWOOD
100 North Main St.
Ste. 2400
Memphis, TN 38103

Amber Isom-Thompson
KIESEWETTER WISE KAPLAN SCHWIMMER & PRATHER, PLC
3725 Champion Hills Drive
Ste. 3000
Memphis, TN 38125

Thomas E. Hansom
HANSOM LAW OFFICE
659 Freeman Street
Memphis, TN 38122--372

Honorable Bernice Donald
US DISTRICT COURT