IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 AUG 19 PM 4: 38

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | |
|---|---|
| LUTRICIA BARNETT BUCKLEY, as Administratrix of the Estate of DENVEY BUCKLEY, for the use and benefit of KATRINA and LATRICE BUCKLEY, as Next of Kin and Heirs at law of DENVEY BUCKLEY, deceased,<br><br>       Plaintiff,<br><br>v.<br><br>CITY OF MEMPHIS, THE CITY OF MEMPHIS POLICE DIVISION, OFFICER PHILLIP PENNY, OFFICER KURTIS SCHILK, and OFFICER ROBERT T. TEBBETTS, individually and in their Representative Capacities as City of Memphis Police Division Officers,<br><br>       Defendants. | No. 03-2874 DP |

## ORDER GRANTING PLAINTIFF'S MOTION REQUESTING THE COURT TO AUTHORIZE ISSUANCE OF A SUBPOENA DUCES TECUM FOR KURTIS SCHILK'S U.S. ARMY AND NATIONAL GUARD PERSONNEL RECORDS

Before the court is Plaintiff Lutricia Barnett Buckley's Motion Requesting the Court to Authorize Issuance of a Subpoena Duces Tecum for Kurtis Schilk's U.S. Army and National Guard Personnel Records, filed on June 15, 2005 (dkt #161). Defendant Kurtis Schilk responded on June 22, 2005. For the following

-1-

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on _____

reasons, the Plaintiff's motion is GRANTED.

## I. BACKGROUND

Plaintiff Lutricia Barnett Buckley ("Plaintiff") is the ex-wife of the decedent, Denvey Buckley ("Buckley") and custodial parent of Katrina Buckley and Nicole Buckley, minors, the natural children and alleged sole heirs at law of Buckley. Plaintiff alleges that defendant Memphis Police Department ("MPD") officers, including Officer Schilk, used excessive force while seizing Buckley in an altercation that resulted in his death. She also alleges that the City has a policy or practice of failing to supervise, discipline, and train its police officers, which violated Buckley's constitutional rights.

Plaintiff's present motion serves as a means to obtain Schilk's Army and National Guard records. She claims these military records are relevant for two purposes. First, she argues that at his deposition, Officer Schilk testified that he had never been written up for a disciplinary infraction, nor the subject of any administrative investigations involving an altercation with civilians or with a fellow soldier. Plaintiff contends that the records may reveal evidence that could be used to challenge Officer Schilk's credibility on these points. Second, Plaintiff asserts that the records might be relevant to show that Officer Schilk has a habit of losing his temper or of violent behavior when provoked. Such evidence, she argues, would be admissible under Federal Rule

of Evidence 406.

In response, Officer Schilk contends that the records are not relevant, nor reasonably calculated to lead to the discovery of admissible evidence. He asserts that any information in the military records could not be admitted as habit evidence at trial. In addition, he claims that his military record would not be admissible because the prejudice of any evidence that might be found in his military record of prior bad acts would outweigh its probative value. As to the issue of credibility, Officer Schilk maintains that these records would be inadmissible extrinsic evidence under Fed. R. Evid. 608.

## II. ANALYSIS

"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id.

The court concludes that discovery relating to Officer Schilk's military record is reasonably calculated to lead to the discovery of admissible evidence, for the reasons stated by the plaintiff. Defendant's objections are based primarily on the admissibility of this evidence at trial. However, the eventual

-3-

inadmissibility of evidence at trial does not preclude discovery of this information, so long as it appears reasonably calculated to lead to the discovery of admissible evidence. Moreover, regarding the potential impeachment purposes of the military records, the plaintiff may obtain discovery of this material even if the records themselves are not admissible. See Varga v. Rockwell Int'l Corp., 242 F.3d 693, 697 (6th Cir. 2001)(holding that impeachment materials are not excluded from discovery under the Federal Rules); see also Karr v. Four Seasons Maritime, Ltd., No. 02-3413, 2004 WL 797728, at *1-2 (E.D. La. April 12, 2004); Ward v. CSX Transp., Inc., 161 F.R.D. 38, 39 (E.D.N.C. 1995).

### III. CONCLUSION

For the reasons above, the Motion Requesting the Court to Authorize Issuance of a Subpoena Duces Tecum for Kurtis Schilk's U.S. Army and National Guard Personnel Records is GRANTED.

Plaintiff may attach this order to the subpoena for defendant Schilk's military records.

IT IS SO ORDERED.

_____
TU M. PHAM
United States Magistrate Judge

August 19, 2005
Date

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 191 in case 2:03-CV-02874 was distributed by fax, mail, or direct printing on August 24, 2005 to the parties listed.

---

Thomas L. Parker
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ- Memphis
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

Robert D. Meyers
KIESEWETTER WISE KAPLAN & PRATHER, PLC
3725 Champion Hills Drive
Ste. 3000
Memphis, TN 38125

Jean Markowitz
CAUSEY CAYWOOD
100 North Main St.
Ste. 2400
Memphis, TN 38103

Amber Isom-Thompson
KIESEWETTER WISE KAPLAN SCHWIMMER & PRATHER, PLC
3725 Champion Hills Drive
Ste. 3000
Memphis, TN 38125

Thomas E. Hansom
HANSOM LAW OFFICE
659 Freeman Street
Memphis, TN 38122--372

Buckner Wellford
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

Honorable Bernice Donald
US DISTRICT COURT