IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ___ D.C.

05 AUG 30 PM 5: 19

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

|  |  |  |
|---|---|---|
| LUTRICIA BARNETT BUCKLEY, as Administratrix of the Estate of DENVEY BUCKLEY, for the use and benefit of KATRINA and LATRICE BUCKLEY, as Next of Kin and Heirs at law of DENVEY BUCKLEY, deceased | ) ) ) ) ) ) ) ) |  |
| Plaintiff, | ) ) |  |
| v. | ) ) | No. 03-2874 DP |
| CITY OF MEMPHIS, THE CITY OF MEMPHIS POLICE DIVISION, OFFICER PHILLIP PENNY, OFFICER KURTIS SCHILK, and OFFICER ROBERT T. TEBBETTS, individually and in their Representative Capacities as City of Memphis Police Division Officers, | ) ) ) ) ) ) ) ) ) ) |  |
| Defendants. | ) |  |

**ORDER DENYING DEFENDANT'S MOTION TO COMPEL DISCOVERY FROM PLAINTIFF OR, IN THE ALTERNATIVE, MOTION FOR LEAVE TO SERVE UPON PLAINTIFF WRITTEN INTERROGATORIES EXCEEDING 25 IN NUMBER**

Before the Court is Defendant City of Memphis's Motion to Compel Discovery from Plaintiff or, in the Alternative, Motion for Leave to Serve Upon Plaintiff Written Interrogatories Exceeding 25 in Number, filed on July 13, 2005 (dkt #178). Plaintiff responded on July 27, and the City replied on August 5. For the following

This document entered on the docket sheet in compliance
with Rule 58 and .9(a), FRCP on _____

-1-

reasons, the City's motion is DENIED.

## I. BACKGROUND

On June 23, 2005, the City served Plaintiff Lutricia Barnett Buckley with its first request for admissions and its second set of interrogatories. The City requested that Buckley admit or deny 70 separate request for admissions. Buckley answered these request for admissions on June 28, 2005, but she objected to the two interrogatories, which were related to the admissions. Interrogatory No. 1 states, "For each denial or qualification contained in your response to Defendant City of Memphis' First Request for Admissions Propounded Upon Plaintiff, identify the request for admission, or portion of the request for admission, which was denied and describe any and all facts upon which you base the denial or qualification." Interrogatory No. 2 states, "Identify any and all documents which exist in support of any denial or qualification in your response to Defendant City of Memphis' First Request for Admissions Propounded Upon Plaintiff and identify which denial or qualification each document supports." Buckley objected to these interrogatories, arguing that they would be an "end run" around the limitations imposed on the number of interrogatories allowed under Fed. R. Civ. P. 33(a).

Subsequently, the City filed this motion to compel. It maintains that the two interrogatories do not contain subparts because the denials or qualifications are not logically or

-2-

factually independent of each other. Alternatively, the City seeks an order allowing it to serve more than 25 interrogatories. In addition to its argument that the first two interrogatories contained numerous subparts that should be considered as separate interrogatories, Buckley contends that the City's reference to the request for admissions in its interrogatories defeats the purpose of Rules 33 and 36, and that the City has not justified its need to exceed 25 interrogatories.

## II. ANALYSIS

### A. Logically or Factually Independent Subparts

Federal Rule of Civil Procedure 33(a) presumptively limits the number of interrogatories each party may serve to twenty five, and discrete subparts are counted as separate interrogatories. "A subpart is discreet when it is logically or factually independent of the question posed by the basic interrogatory." Power & Telephone Supply Co., Inc. v. Suntrust Banks, Inc., No. 03-2217, 2004 WL 784533, at *1 (W.D. Tenn. Mar. 15, 2004)(unpublished) (quoting Security Ins. Co. of Hartford v. Trustmark Ins. Co., No. 01-2198, 2003 WL 22326563, at *1 (D. Conn. Mar. 7, 2003)).

The purpose of pretrial admissions is to alleviate the need for one party to prove certain facts by establishing them as true. See Fed. R. Civ. P. 36 advisory committee notes (1970); Honeycutt

-3-

v. First Fed. Bank, No. 02-2710, 2003 WL 1054235, at *1 (W.D. Tenn. Mar. 5, 2003). Requests for admissions are not a general discovery device. Misco, Inc. v. U.S. Steel Corp., 784 F.2d 198, 205-06 (6th Cir. 1986). They should be confined to facts that are not in material dispute. Honeycutt, 2003 WL 1054235, at *1 (quoting United States v. Watchmakers of Switz. Info. Cent., Inc., 25 F.R.D. 197, 201 (S.D.N.Y. 1959)). As a result, requests for admissions "are not to be treated as substitutes for discovery processes to uncover evidence." Safeco v. Rawstron, 181 F.R.D. 441, 445 (C.D. Cal. 1998) (quoting California v. The Jules Fribourg, 19 F.R.D. 432, 436 (N.D. Cal. 1955)); see also Camp v. Progressive Corp., No. 01-2680, 2003 WL 21939778, at *4 (E.D. La. Aug. 12, 2003) (unpublished). Thus, if courts were to allow a single interrogatory to be used to ask for information based on multiple request for admission, parties could easily circumvent the presumptive limit imposed by Rule 33(a). See Misco, 784 F.2d at 206; Safeco, 181 F.R.D. at 446; In re Olympia Holding Corp., 189 B.R. 846, 853 (Bankr. N.D. Fla. 1995).

Accordingly, this court concludes that Interrogatories Nos. 1 and 2 contain a discrete subpart for every request for admission that Plaintiff denied or to which Plaintiff offered a qualified admission.

B.  Motion to Exceed the Presumtive Limitation of Rule 33(a)

Under Rule 33(a), a court may grant a party leave to serve more than 25 interrogatories consistent with the principles of Rule

26(b)(2), which limits the extent of discovery if it is unreasonably cumulative, duplicative, or burdensome. The interrogatories to which the City seeks responses ask Buckley to provide *all* facts and identify *all* documents that would support of their denial or qualification of any request for admission. Requiring a party to provide all documents and facts in support of a negative proposition would be highly burdensome on that party. See Safeco, 181 F.R.D. at 447 (citing Lawrence v. First Kansas Bank & Trust Co., 169 F.R.D. 657, 663 (D. Kan. 1996)).

Plaintiff demonstrates this burden by identifying roughly forty documents as an example of a response to the second interrogatory based on only one request for admission. In order to respond to the first interrogatory, Buckley would be required to give the facts from those sources that support her denial. Thus, the court finds that requiring Buckley to respond to these types of interrogatories would be overly burdensome, and further finds that the City has not sufficiently shown to the court why it should be allowed to exceed the presumptive limit.

### III. CONCLUSION

For the reasons above, Defendant's Motion for Motion to Compel Discovery from Plaintiff or, in the Alternative, Motion for Leave to Serve Upon Plaintiff Written Interrogatories Exceeding 25 in Number is DENIED.[1]

---

[1] Although both parties briefly raise the issue, it is unclear to the court whether the City has already exceeded its limit on the number of interrogatories. To the extent the City's

IT IS SO ORDERED.

_____
TU M. PHAM
United States Magistrate Judge

_August 30, 2005_____
Date

---

first set of interrogatories do not exceed twenty-five in number (including subparts, as described in this order), Buckley shall respond to those interrogatories up to the presumptive limit.

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 192 in case 2:03-CV-02874 was distributed by fax, mail, or direct printing on September 7, 2005 to the parties listed.

---

Buckner Wellford
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

Thomas L. Parker
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ- Memphis
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

Robert D. Meyers
KIESEWETTER WISE KAPLAN & PRATHER, PLC
3725 Champion Hills Drive
Ste. 3000
Memphis, TN 38125

Jean Markowitz
CAUSEY CAYWOOD
100 North Main St.
Ste. 2400
Memphis, TN 38103

Amber Isom-Thompson
KIESEWETTER WISE KAPLAN SCHWIMMER & PRATHER, PLC
3725 Champion Hills Drive
Ste. 3000
Memphis, TN 38125

Thomas E. Hansom
HANSOM LAW OFFICE
659 Freeman Street
Memphis, TN 38122--372

Honorable Bernice Donald
US DISTRICT COURT