FILED BY _____ D.C.

05 DEC 22 PM 1: 22

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF T... MPHIS

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

LUTRICIA B. BUCKLEY,

    Plaintiff,

vs.                                             Case No.: 03-2874 D

CITY OF MEMPHIS, et al.,

    Defendants.

---

## ORDER OF DISMISSAL

---

It appears to the court that the parties, by and through their respective counsel, have reached a consensual resolution of their claim.

IT IS THEREFORE ORDERED that the above cause be dismissed without prejudice.

**IT IS SO ORDERED** this 20th day of December 2005.

BERNICE B. DONALD
UNITED STATES DISTRICT JUDGE

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on _____

IN THE CIRCUIT COURT OF TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

| | |
|---|---|
| IN RE APPROVAL OF MINORS' SETTLEMENT OF WRONGFUL DEATH LAWSUIT OF DENVEY BUCKLEY ) ) ) ) ) ) ) ) ) ) ) ) ) ) | NO: CT-005424-05, Div. 6 |

**ORDER APPROVING COMPROMISE SETTLEMENT OF MINORS' CLAIM**

This cause came to be heard upon the application of Petitioners, joined by all defendants in the above-referenced action for approval of the terms of a settlement of a lawsuit, where the two heirs at law of the subject of the action, Denvey Buckley, are minors. The parties have requested that the Court approve a settlement in the total amount of Six Hundred Ninety and no/100 Thousand Dollars ($690,000.00), inclusive of all costs, fees and expenses of any kind, under the terms of separate Settlement Agreements between Petitioner and Defendants in the case, *which is styled: LUTRICIA BARNETT BUCKLEY, as Administratrix of the Estate of DENVEY BUCKLEY, for the use and benefit of KATRINA and LATRICE BUCKLEY, as Next of Kin and Heirs at law of DENVEY BUCKLEY, deceased vs. CITY OF MEMPHIS, THE CITY OF MEMPHIS POLICE DIVISION, OFFICER PHILLIP PENNY, OFFICER KURTIS SCHILK, OFFICER ROBERT G. TEBBETTS, individually and in their Representative Capacities as City of Memphis Police Division Officers*, U.S. District Court Case #03-2874-DP.

The Court appointed a Guardian ad Litem, Clarence Halmon, Esq., to investigate the propriety of the settlement, including the attorneys' fees and expenses incurred in pursuing the action and to advise the Court with respect to the most appropriate action to take to protect the interests of the two minor heirs at law in the event that the settlement is approved.

The Court has examined the Petition, the proposed Settlement Agreements, (one involving the City of Memphis and the other the defendant officers), the engagement letter of counsel, the record of fees and expenses incurred by plaintiffs' counsel, and a funeral bill from N.J. Ford & Sons Funeral Home in the amount of One Thousand Eight Hundred and no/100 Dollars ($1,800.00), which payment was made, the Court is advised, by other members of Mr. Buckley's family.

The Court has also reviewed and considered the written report of the Guardian ad Litem, Mr. Halmon, submitted in this matter, and recommending that the Court approve the settlement, including attorneys' fees and expenses incurred in connection with the litigation, and a recommendation that the Court, after deducting expenses, direct that the settlement funds be provided through a structured settlement or some similar mechanism of ensuring the security and investment value of these funds on behalf of the minor heirs at law.

From all of the above, the Court finds as follows:

1. This matter concerns the death of Denvey Buckley, a 43 year old man with a history of mental illness, on April 19, 2003 during an encounter with several officers employed by the Memphis Police Department.

2. Mr. Buckley was survived by two minor children (his only two children) Nicole and Katrina Buckley, ages 13 and 15, respectively. These two minor children reside with their mother, Lutricia Barnett Buckley, the ex-wife of Denvey Buckley and the Administratrix of Mr.

Buckley's estate. Lutricia Barnett Buckley, in her capacity as Administratrix of the Estate, filed a federal civil rights and state wrongful death action against the City of Memphis and Memphis Police Officer Kurtis Schilk, Robert Tebbetts, and Phillip Penney, Docket No. 03-2874-DP, currently pending in the United States District Court for the Western District of Tennessee. The matter is presently set for trial in January of 2006.

3. The Court has been advised by the attorneys representing the parties and by the Guardian ad Litem, that the issues presented for consideration in that case are contested, both in terms of liability and damages, and the prospects of a successful recovery at trial on behalf of the plaintiff, and if a successful recovery in what amount, are uncertain.

4. Following mediation and direct settlement negotiations between the parties, they have agreed, subject to this Court's approval, to a settlement that in its essential terms will make available the sum of Six Hundred Ninety Thousand and no/100 Dollars ($690,000.00) for a full and complete resolution of the issues raised in that litigation against all parties, and including any employee, agent, or representative of the City of Memphis, past or present. A separate settlement agreement with the defendant officers, by agreement, shall remain confidential, but will not result in the payment of any additional settlement funds, so that the total amount of money that the plaintiff will receive as a result of settlement of litigation against all defendants shall be Six Hundred Ninety Thousand and no/100 Dollars ($690,000.00), inclusive of all fees and expenses. The Court has been advised that the City and the Plaintiff's attorneys negotiated a higher settlement figure than would otherwise have been the case with the proviso being that all expenses, including the anticipated guardian ad litem fee, be paid from the settlement proceeds.

5. The attorneys of record for the plaintiffs, Baker, Donelson, Bearman, Caldwell & Berkowitz, have submitted detailed statements of time and expense involved in pursuing this

litigation, along with an engagement letter. Based upon this review and the recommendation of the Guardian ad Litem, the Court is satisfied that the amount of time and expense associated with pursuing the litigation, considering the complexity and uncertainty of results, are such that the payment of a one-third contingency fee before deduction of expenses incurred in the litigation as reflected in the engagement letter, is fair and reasonable and should be approved.

6. The parties have submitted a funeral statement from N.J. Ford & Sons Funeral Home in the amount of One Thousand Eight Hundred and no/100 Dollars ($1,800.00) reflecting the costs associated with providing a funeral to Mr. Buckley and which costs have been advanced by members of Mr. Buckley's family, who are represented by attorney Christopher Campbell. The Court finds that this expense is a reasonable expense associated with Mr. Buckley's wrongful death action which could have been proven as special damages at trial, and which should be approved as an additional expense pertaining to this litigation, payable out of the settlement proceeds.

7. The most current statement of expenses submitted by the Baker, Donelson, Bearman, Caldwell & Berkowitz firm shows direct expense totals of Seventy Thousand Three Hundred Ten and 26/100 Dollars ($70,310.26), which amount appears to the Court to be reasonably related to the litigation and reasonably necessary to pursue the litigation and should be approved as a deduction from the settlement proceeds, in addition to the one-third contingency fee of Two Hundred Thirty Thousand and no/100 Dollars ($230,000.00) of the proposed Six Hundred Ninety Thousand and no/100 Dollar ($690,000.00) settlement.

8. The Court finds that the Guardian ad Litem, Mr. Halmon, has performed good and valuable services in connection with this matter and that he should be awarded a fee in the

amount of thirteen thousand dollars ($13,000.00), which shall be payable from the settlement proceeds in this cause.

9. The Court agrees with the Guardian ad Litem that most of the net settlement proceeds in this action, after deduction of fees and expenses, should be invested in a so-called "structured settlement" or other form of investment vehicle that will provide safety and security, along with a reasonable investment return, for the use and benefit of the minor beneficiaries, Nicole and Katrina Buckley.

10. The Court has been advised that the Petitioner, Lutricia Barnett Buckley, intends to open estates in the Shelby County Probate Court for the use and benefit of the two minor beneficiaries, Nicole and Katrina Buckley. The Probate Court will be in a position to consider specific proposals in an investment plan contained in a recommendation for a structured settlement or other annuity, including any requests for immediate expenditures or payments, and the appropriate custodian of funds received for the use and benefit of the minor heirs. In order to protect the potential tax advantages that may be associated with a structured settlement, the Court in this Order explicitly does not make any disposition of the net settlement proceeds for the use and benefit of the minor beneficiaries directly, or in any manner permit the minors, or any guardian acting on their behalf, to direct or control those funds in any respect, but will instead direct that the net settlement proceeds after deduction of the fees and expenses referenced in this Order, be managed as follows pending further orders of the Court: (1) Paid by the City to the Clerk of this Court in an interest bearing account. The Court anticipates that it will release these funds to the Clerk of the Probate Court of Shelby County, Tennessee, or for purposes of funding a structured settlement or annuities directly at the direction of the Probate Court, after estates are opened for the two minor beneficiaries and an investment plan is presented to and

approved by the Shelby County Probate Court; or (2) held by the City or escrowed in such manner by agreement of the City and the Plaintiff's Attorneys so that no tax deferral advantages offered by a structured settlement be lost pending Probate Court approval of an investment plan. It is the intention of the Court to permit the fees and expenses awarded in this Order to be paid directly by the City within the time frame referenced in the Settlement Agreement and Release executed by the parties, to the designated payees, or as the City and those payees may otherwise direct, but to protect in all respects the availability of tax deferral benefits that may arise from a structured settlement regarding the net settlement proceeds, while providing the opportunity to earn interest on those proceeds, pending Probate Court approval of an investment plan.

IT IS, THEREFORE, CONSIDERED AND ORDERED, as follows:

i. That the proposed settlement, including the terms of the Settlement Agreements between the plaintiff and the City of Memphis, and the defendant officers separately, shall be and are approved in all respects, in the total amount of Six Hundred Ninety Thousand Dollars ($690,000.00), with a total net settlement value after deduction of expenses as set forth below of Three Hundred Seventy Four Thousand Eight Hundred Eighty Nine Dollars and Twenty Four Cents ($374,889.24);

ii. That the City of Memphis is directed to pay either to the Clerk of this Court in accordance with the terms of its Settlement Agreement, with the Clerk being further directed to place these funds in an interest bearing account, the sum of Three Hundred Seventy Four Thousand, Eight Hundred Eighty Nine Dollars and Twenty Four Cents ($374,889.24), or to take such action regarding payment or escrowing of those net settlement proceeds as otherwise agreed upon by the City and Plaintiff's Attorneys pending Probate Court approval of an investment plan for these proceeds, in return for which the City of Memphis and all of its agents, servants and

employees, including but not limited to the defendant officers, Schilk, Penney and Tebbetts, shall be released from any and all further liability in any manner pertaining to the April 19, 2003 incident involving Denvey Buckley that gave rise to the federal court litigation referenced in this Order;

    iii.    That the City is directed to pay directly, within the time frame set forth in the Settlement Agreement, to the following payees the following fees and expenses:

    a.    To the law firm of Baker, Donelson, Bearman, Caldwell and Berkowtiz the sum of Three Hundred Thousand Three Hundred Ten and 26/100 Dollars ($300,310.26), consisting of an attorneys fee in the amount of Two Hundred Thirty Thousand and no/100 Dollars ($230,000.00) and expenses associated with the litigation in the amount of Seventy Thousand Three Hundred Ten and 26/100 Dollars ($70,310.26);

    b.    To the Trust Account of Baker, Donelson, Bearman, Caldwell & Berkowitz the sum of One Thousand Eight Hundred and No/100 Dollars ($1,800.00) consisting of funeral expenses advanced by members of Denvey Buckley's family, as to which counsel of record for the plaintiff, Buckner Wellford of the Baker Donelson firm, is directed to communicate with the attorney engaged by the Buckley family, Christopher Campbell, Esq., to determine the appropriate recipients of such funds;

    c.    To the Guardian ad Litem, Clarence Halmon, Esq., the sum of Thirteen Thousand Dollars ($13,000.00) as payment for his services as Guardian ad Litem in this action.

    iv.    The Clerk is directed to hold all settlement proceeds paid into its office in an interest bearing account pending further Orders of this Court.

A TRUE COPY ATTEST
JIMMY MOORE, Clerk
By _____ D.C.

_____
JERRY STOKES

CIRCUIT COURT JUDGE, DIVISION VI

DATE: 12-15-05

APPROVED AS TO FORM:

**BAKER, DONELSON, BEARMAN
CALDWELL & BERKOWITZ**

By: *[signature]*
Buckner Wellford (9687)
165 Madison Ave., 20th Floor
Memphis, Tennessee 38103
(901) 526-2000

Attorney for Petitioner, Administratrix
of the Estate of Denvey Buckley


By: *[signature]*
Robert Meyers (12187)
3725 Champion Hills Drive
Suite 3000
Memphis, TN 38125
(901)795-6695

Attorney for City of Memphis


By: *[signature]*
Ted Hansom, Esq. (08153)
659 Freeman
Memphis, TN 38122
(901) 327-4243

Jean Markowitz, Esq. (05665)
100 N. Main, Suite 2400
Memphis, TN 38103
(901)526-0206

Attorneys for Defendant Officers


By: *[signature]*
Clarence Halmon, Esq. (005317)
22 N. Front Street, Suite 790
Memphis, TN 38103
(901)525-3450

Guardian ad Litem

M BPW 917770 v1
2790464-000001 12/15/05

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been sent via U.S. Mail, to Jean Markowitz, Attorney at Law, 100 N. Main, Suite 2400, Memphis, TN 38103, Thomas E. Hansom, 659 Freeman, Memphis, TN 38122, Mr. Robert Meyers, Attorney at Law, 3725 Champion Hills Dr., Suite 3000, Memphis, TN 38125, and Clarence Halmon, Attorney at Law, 22 N. Front Street, Suite 790, Memphis, TN 38103 this the 15th day of December, 2005.

_____
Buckner Wellford

M BPW 904450 v1
2790464-000001 10/06/05

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 203 in case 2:03-CV-02874 was distributed by fax, mail, or direct printing on December 23, 2005 to the parties listed.

---

Buckner Wellford
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

Thomas L. Parker
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ- Memphis
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

Robert D. Meyers
KIESEWETTER WISE KAPLAN & PRATHER, PLC
3725 Champion Hills Drive
Ste. 3000
Memphis, TN 38125

Jean E. Markowitz
CAUSEY CAYWOOD
100 North Main St.
Ste. 2400
Memphis, TN 38103

Amber Isom-Thompson
KIESEWETTER WISE KAPLAN SCHWIMMER & PRATHER, PLC
3725 Champion Hills Drive
Ste. 3000
Memphis, TN 38125

Thomas E. Hansom
HANSOM LAW OFFICE
659 Freeman Street
Memphis, TN 38122--372

Honorable Bernice Donald
US DISTRICT COURT